**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| DIANA SERNA, | |
| Plaintiff, | |
| v. | Case No.  7:23-cv-00207 |
| R.G.V.  LOANS  LIMITED  LIABILITY COMPANY, | |
| Defendant. | |

**COMPLAINT**

**NOW COMES** Plaintiff, DIANA SERNA ("Plaintiff"), by and through her undersigned counsel, complaining of R.G.V. LOANS LIMITED LIABILITY COMPANY ("Defendant") as follows:

**NATURE OF ACTION**

1.      Plaintiff brings this action against Defendant seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., and violations the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et seq*.

**JURISDICTION AND VENUE**

2.      Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.      The Court has supplemental jurisdiction over the state law TDCA claim under 28 U.S.C. §1367.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the

1

claims occurred within the Southern District of Texas.

## PARTIES

5.      Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided and was domiciled in the Southern District of Texas.

6.      Defendant is a Texas company with its registered office address in Pharr, Texas, and it specializes in providing high interest loans to consumers. Defendant regularly and systematically does business in Texas and across the United States. Defendant regularly attempts to collect debts allegedly owed by consumers residing in Texas.

## FACTUAL ALLEGATIONS

7.      Prior to the events giving rise to this action, Plaintiff applied for a payday loan from Defendant.

8.      Sometime thereafter, due to a financial hardship, Plaintiff failed to make timely payments on the account and the balance became past due ("subject debt").

9.      In or around May 2023, Plaintiff started receiving collection calls to her cellular telephone from Defendant.

10.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4189.

11.     At all times relevant, Plaintiff's number ending in 4189 was assigned to a cellular telephone service.

12.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

13.     As the subject debt became further past due, Defendant ramped up its call volume

2

significantly.

14.     On or around May 24, 2023, fed up with the harassing collection calls, Plaintiff answered a call from Defendant.

15.     During this call, Plaintiff requested that Defendant cease its collection calls entirely, including calls placed to Plaintiff's friends and family.

16.     In some calls that Plaintiff did not answer, Defendant would leave pre-recorded voicemail messages on Plaintiff's cellular phone.

17.     Despite Plaintiff's request that the collection calls cease, Defendant continued bombarding Plaintiff with collection calls, including calls from: 956-223-4184, and 956-258-5509.

18.     In an effort to escape Defendant's harassing collection calls, Plaintiff would ignore the numbers that Defendant previously called from, only for Defendant to call from new numbers.

19.     Plaintiff had no choice but to submit to Defendant's harassing collection calls.

20.     In total, Defendant has placed no less than 25 harassing collection calls to Plaintiff's cellular phone after Plaintiff initially requested that the calls cease.

## DAMAGES

21.     Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including: aggravation that accompanies unwanted calls, increased risk of personal injury resulting from the distraction caused by the unwanted calls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

22.     Moreover, each time Defendant placed a call to Plaintiff's cellular phone,

3

Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

23.    Due to Defendant's refusal to honor Plaintiff's repeated requests that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLAIMS FOR RELIEF

### COUNT I:

**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

24.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25.    Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020).

26.    The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

27.    Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly

in default on their payments.

28.     Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

29.     Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than two dozen non-emergency calls to Plaintiff's cellular telephone utilizing an ATDS and/or *artificial or prerecorded voice* without Plaintiff's consent.

30.     As pled above, Plaintiff revoked consent to be called on her cellular phone during answered calls.

31.     As pled above, Plaintiff was harmed by Defendant's collection calls to her cellular phone.

32.     Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

33.     Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

34.     Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

35.     As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

36.     As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, DIANA SERNA  requests the following relief:

a.   an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

b.   an award of $500.00 in damages to Plaintiff

c.   an award of treble damages up to $1,500.00 to Plaintiff; and

d.   an award of such other relief as this Honorable Court deems just and proper.

<u>COUNT II</u>
**Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)**

37.     Plaintiff incorporates all previous paragraphs of this Complaint as fully set forth herein.

**a.   Violation(s) of Tex. Fin. Code Ann § 392.302**

38.     Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4)     causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

39.     As pled above, Plaintiff advised Defendant that she no longer wished to receive collection calls from Defendant on her cellular phone.

40.     Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff after Plaintiff requested that Defendant cease all contact with her.

41.     Defendant's continuous phone calls were made with intent to annoy and harass Plaintiff.

42.     Moreover, Defendant placed numerous calls to Plaintiff's friends and family members without their consent in order to embarrass Plaintiff into paying the subject debt.

43.     Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) through

6

Tex. Fin. Code Ann. § 392.403, which provides:

> (a)    A person may sue for:
>
> > (1)    injunctive relief to prevent or restrain a violation of this chapter; and
> >
> > (2)    actual damages sustained as a result of a violation of this chapter.
>
> (b)    A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff DIANA SERNA respectfully requests that this Honorable Court:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2), in an amount to be determined at trial, for the underlying violations;

c.  Awarding Plaintiff costs and reasonable attorney fees pursuant to Tex. Fin. Code Ann. § 392.403(b);

d.  Enjoining Defendant from further contacting Plaintiff; and

e.  Awarding any other relief as this Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: June 26, 2023                        Respectfully submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com

7